The Honorable Richard Lahti State Representative, 85th District 6428 Rodeo Wichita, Kansas 67226
Dear Representative Lahti:
You request an opinion concerning the authority of the legislative standing committees that are authorized by the legislative coordinating council (council) to meet between the regular sessions of the legislature. You indicate that June 7, 1993 marked the official end of the 1993 legislative session and yet the standing committees are meeting, holding hearings and making recommendations concerning bills carried over from the last session.
Article 2, section 8 of the Kansas constitution states, in relevant part, as follows:
 "The legislature shall meet in regular session annually commencing on the second Monday in January, and all sessions shall be held at the state capital. The duration of regular sessions held in even-numbered years shall not exceed ninety calendar days. Such sessions may be extended beyond ninety calendar days by an affirmative vote of two-thirds of the members elected to each house. Bills and concurrent resolutions under consideration by the legislature upon adjournment of a regular session held in an odd-numbered year may be considered at the next succeeding regular session held in an even-numbered year, as if there had been no such adjournment." (Emphasis added).
The legislative powers of the state are vested in a senate and a house of representatives. Kan. Const., Art. 2, sec. 1. These two bodies constitute the legislative branch of the state and neither is an entity without the other. 81A C.J.S. States, sec. 40. The legislature must act as a body and under a bicameral system it is only where both bodies are lawfully assembled that they constitute the legislature. 81 C.J.S.States, secs. 40, 48.
Our constitution speaks only to the legislature itself — not to the committees which each branch has the power to appoint. 81A C.J.S.States, sec. 55. The work of the committees is subsidiary and auxiliary to the legislative functions of each house. State, ex rel. v. Anderson,180 Kan. 120, 125 (1956). In the absence of constitutional restriction, the legislature may appoint committees to sit after adjournment or between sessions. 81A C.J.S. States, sec. 55.
While the June 7, 1993 date may have marked the end of the legislature's regular session, K.S.A. 46-1201 et seq. clearly authorizes standing committees to meet between sessions under certain conditions and we find nothing which runs afoul of article 2 of the Kansas constitution.
K.S.A. 46-1201 establishes a legislative coordinating council composed of members of the legislature which meet each month in the interim between legislative sessions. K.S.A. 46-1202 provides, in relevant part, as follows:
 "The legislative coordinating council shall represent the legislature when the legislature is not in session. The legislative coordinating council may adopt and amend rules applicable to its affairs or to the meetings and activities of special committees, standing committees or advisory committees, except that such rules shall not apply to standing committees meeting while the legislature is in session. When the legislature is not in session, the legislative coordinating council shall govern the mechanics and procedure of all legislative committee work and activities, except that of the interstate cooperation commission, legislative post-audit committee, state finance council and the ways and means committees of the house of representatives and senate when meeting under the authority of K.S.A. 46-134a." (Emphasis added).
The standing committees which meet during the interim have been designated by the council as legislative study committees pursuant to K.S.A. 46-1205 which defines a "legislative study committee" as a "standing committee of the house of representatives and senate." Any legislator or legislative committee may request the council to cause a legislative study to be made and if the council approves, it refers the study to a special committee or a standing committee. K.S.A. 46-1206(g). A standing committee which is authorized to make a legislative study meets on the call of its chairperson and makes a report with its recommendation to the legislature. K.S.A. 46-1207(a).
This report, which is received by the legislature on the first day of the session, may include recommendations concerning the passage and/or amendment of bills which the committee studied during the interim. This report is similar to the reports from standing committees to the house or senate during the regular session.
Our understanding is that during this interim session, the council has designated all standing committees as legislative study committees and has authorized these committees to study the subjects they believe need to be studied. These subjects usually include bills from the 1993 session which have been held over for the 1994 session and, occasionally, bills that have been filed after adjournment pursuant to K.S.A. 1992 Supp. 46-801(f). Written notice of all meetings and hearings is mailed to legislators and published in the Kansas Register. Also, legislative services mails an agenda to anyone who requests a copy.
You voice the concern that the Kansas constitution provides for a part-time legislature and that, over the years, the legislature appears to be moving in the direction of a full-time legislature — something that the framers never envisioned. There are several statutes that authorize legislative committees to meet and take action between the regular sessions. K.S.A. 1992 Supp. 46-134a authorizes the senate committee on ways and means and the house appropriation committee to meet at any time "as may be necessary" during the interim. K.S.A. 46-1002
authorizes investigating committees to meet during the interim and K.S.A. 46-1604(c), as amended by L. 1993, ch. 136, sec. 3, allows the joint committee on economic development to meet at anytime on the call of the chairperson. It is very apparent that while the regular session officially ends in June, the work of the standing committees goes on and any change in the system as it exists today would necessitate statutory changes. Furthermore, state constitutions limit rather than confer powers and there is nothing in our constitution which prohibits the legislature from allowing standing committees to meet between sessions in order to consider bills and make recommendations to the legislature which the latter can choose to accept or reject. Consequently, it is our opinion that the activity of the standing committees that have been designated by the council as interim study committees does not violate article 2, section 8 of the Kansas constitution and the council has broad statutory powers to dictate the subjects that the standing committees will study.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:bas